THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL L. GILYARD, Defendant-Appellant.

Second District   No. 2—90—1206

Opinion filed October 1, 1993.

G. Joseph Weller and Ingrid L. Moller, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

We reexamine our previous opinion in this case pursuant to a supervisory order of the Illinois Supreme Court. In our initial review, defendant, Michael Gilyard, appealed his convictions of felony murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(3) (now codified, as amended, at 720 ILCS 5/9—1(a)(3) (West 1992))) and home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(a)(2) (now 720 ILCS 5/12—11(a)(2)

(West 1992))), and we affirmed the judgment of the trial court and remanded the cause for imposition of a sentence on the home invasion conviction (*People v. Gilyard* (1992), 237 Ill. App. 3d 8). Subsequent to our decision, the Illinois Supreme Court issued its decision in *People v. Johnson* (1993), 154 Ill. 2d 356.

Defendant appealed our decision, and the supreme court issued a supervisory order directing this court to recall our earlier mandate and reconsider, in light of the decision in *Johnson*, the part of our opinion which affirmed defendant's home invasion conviction and remanded the case to the circuit court for imposition of a sentence on that conviction. The single issue presently before this court is whether the home invasion charge was necessarily a lesser included offense of the felony murder charge.

The facts of this case were set forth in our first opinion and are reiterated and supplemented in this opinion only as necessary for clarity and understanding of this decision.

As we noted in our earlier opinion, testimony was presented at trial describing numerous injuries which the victim received during the course of the underlying incident. The gunshot, however, was the only injury which would have supported both the felony murder and home invasion verdicts. Because evidence of other injuries was presented to the trial court which would have supported the charge of home invasion but not felony murder, we concluded that the separate and independent acts supported multiple convictions. See *Gilyard*, 237 Ill. App. 3d at 26-27, citing *People v. King* (1977), 66 Ill. 2d 551, 566.

Subsequent to our decision, the Illinois Supreme Court issued its decision in *Johnson*. In *Johnson*, the defendant pleaded guilty to a stabbing murder. Defendant was also charged with home invasion, and the information alleged that the same stabbing was the element of injury underlying that charge. Although allegations concerning the sexual assault of two other victims inside the home could have been the underlying injury for the home invasion charge, these acts were not alleged in the information. (See *Johnson*, 154 Ill. 2d at 371.) The supreme court concluded that because the stabbing, alleged as an element of home invasion, was the same act supporting defendant's felony murder conviction, the home invasion was necessarily a lesser included offense of the murder. *Johnson*, 154 Ill. 2d at 371-72.

In the present case, count III of the indictment charged that defendant "committed the offense of First Degree Murder, in that [he], without lawful justification, while committing a forcible felony, Home Invasion, *** *shot [the victim] with a gun, thereby causing the*

*death of [the victim]."* (Emphasis added.) Defendant was charged in count V of the indictment with the offense of home invasion. Specifically, this count alleged "that the said defendant, who was not a peace officer acting in the line of duty, without authority, knowingly entered into the dwelling place of [the victim] *** having reason to know that one or more persons were present within that dwelling, being [the victim], *in that the defendant shot [the victim] with a gun."* (Emphasis added.) The various other injuries which arguably could have provided a basis for the home invasion charge were not alleged in the indictment. Also, the language of the indictment does not support a reading that the gunshot was among one of several unspecified underlying injuries. Therefore, in accordance with the *Johnson* decision, the home invasion, as charged, was necessarily a lesser included offense of the felony murder and will not support a separate conviction and sentence. See *Johnson*, 154 Ill. 2d at 371-72.

For the foregoing reasons, defendant's conviction of the offense of home invasion is vacated, and the previous mandate of this court directing the trial court to impose a sentence for that conviction is modified accordingly.

Vacated and modified.

WOODWARD and GEIGER, JJ., concur.